In the Matter of John T. Hettrick, an Attorney, Respondent.

First Department, December 1, 1922.

Attorney and client — disciplinary proceedings — attorney convicted of conspiracy constituting misdemeanor, based upon violation of Donnelly Anti-Trust Act, suspended for three years.

An attorney of previous good character who was convicted of conspiracy, a misdemeanor, based upon the violation of the Donnelly Anti-Trust Act, whose conviction was affirmed by the Court of Appeals, will be suspended from practice for a period of three years, where it appears that he was the inventor, prime mover and dominating head of the combination which constituted a violation of the act, and that the scope and meaning of said act had not been established by the courts when the alleged combination was formed.

Disciplinary proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*Robert H. Elder*, for the respondent.

Clarke, P. J.:

The respondent was admitted to practice as an attorney and counselor at law at the March, 1909, term of the Appellate Division, First Department, and has practiced as such attorney since his admission. The petition alleges that the respondent has been guilty of misconduct as an attorney at law in that on or about December 23, 1920, the grand jury of the county of New York filed an indictment against the respondent, accusing him with others of the crime of conspiracy. The indictment was based upon the violation of the so-called Donnelly Anti-Trust Act, being sections 340 and 341 of the General Business Law (as amd.), and alleged an unlawful combination of divers persons, firms and corporations engaged in the business of furnishing, selling and installing plumbing supplies and materials in buildings and in making contracts for the supply and sale thereof to persons who were engaged in erecting buildings, the said combination being for the purpose of preventing competition in the supply or price of such plumbing supplies and materials; that respondent upon his trial of

said indictment was convicted of the crime charged and upon such conviction, the same being a misdemeanor, he was sentenced to imprisonment in the penitentiary of the county of New York, there to be dealt with according to law. A certified copy of the judgment upon said conviction is attached to the petition. Said judgment was affirmed upon appeal to this court and subsequently was affirmed upon appeal by the Court of Appeals. (*People* v. *Hettrick*, 201 App. Div. 886; 234 N. Y. 527.) Subdivision 2 of section 88 of the Judiciary Law (as amd. by Laws of 1913, chap. 720) confers upon the Appellate Division of the Supreme Court in each department authority to censure, suspend from practice or remove from office any attorney and counselor at law admitted to practice as such who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice. While section 477 of the Judiciary Law provides that "Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such," it has been held in *Matter of Robinson* (140 App. Div. 329) that a conviction for a misdemeanor did not of itself disbar the respondent as it would have disbarred him had the offense been a felony. The only question, therefore, before this court is what action it should take upon the judgment of conviction of the misdemeanor set forth in the indictment. The respondent has submitted an affidavit in which he states that since the date of the finding of the indictment he has not practiced law in or out of court, as consultant or otherwise, for the reason that he did not think it appropriate for him to do so while under a charge which might be made the basis of proceedings like this; that he turned over his business to be closed out by other attorneys and soon thereafter closed his office; that since the date of his indictment he has been without income and his immediate prospects lie in the hope that he may be permitted to resume practice. By permission of the court the respondent has submitted a number of letters of responsible citizens and members of the bar certifying to his general character and urging clemency upon the ground that the acts which he committed, the advice which he gave, the " code of practice " which he devised and the combination which he engineered, grew out of a misinterpretation of the law and that said acts constituted a case of *malum prohibitum* and not *malum in se;* that his punishment has been severe; that he has served his sentence; that the law had not been interpreted and established prior to the conviction; that it was uncertain, doubtful and open to the question whether

33

it applied to the particular acts proven, and that the conviction for this particular misdemeanor did not constitute such criminality as to entirely destroy his general character and make him unfit for the further practice of the profession of the law.

It is true that the respondent utilized his personal ability and his legal education to devise and successfully carry out a widespread scheme which resulted in a combination which enhanced prices of the commodities covered, to the enrichment of the members of the combination and himself. He was the inventor, prime mover and dominating head of the combination. The question remains whether his offense, while producing serious results to the community, for which he has been punished by conviction and imprisonment, necessarily involved the total loss of that good character which it is requisite an attorney should continue to possess in order to remain a member of the bar. It is true that it was his brain that devised and his skill that executed the scheme which has been conclusively declared to be criminal and we cannot and do not palliate or condone it. At the same time we know from briefs and arguments which have been submitted to us in cases growing out of the combination that it has been strenuously argued that the matters complained of did not come within the purview of the Donnelly Anti-Trust Act and that the things dealt with in the manner that they were dealt with, were not " commodities " within the meaning of that statute. While the contention proves not to have been sound yet we are urged to look upon the question as it was before the courts had passed upon it and to govern our present action from that point of view. It may be said that a clever, able and adroit lawyer who lends his talents to evading and avoiding the positive provisions of the law for the purpose of enriching his clients and himself is a greater menace to the community than the ordinary illiterate criminal who robs or steals from the individual. But again we meet the proposition that the limit and extent of the statute had not been definitely fixed or placed. We know that it has taken many years to procure a final determination of the anti-trust statutes of the United States. It is suggested that it would not do to say that the experienced and able practitioners who had organized and created the trusts which were subsequently dissolved by the United States courts had demonstrated their unfitness to remain members of the bar when their schemes were declared illegal and violative of these United States laws.

The purpose of disciplinary proceedings is not to administer punishment but to preserve the honor and the dignity and the trustworthiness of the profession. There has been no betrayal of the interests of a client, no deceit of the court. Has there been the

commission of a crime which in and of itself stamps the perpetrator as depraved and abandoned? It seems to us, upon careful consideration, that the purposes for which the authority to discipline has been conferred upon this court would be fully observed by suspending the respondent for three years, and it is so ordered, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions to be incorporated in the order to be entered hereon.

Dowling, Smith, Page and Greenbaum, JJ., concur.

Respondent suspended for three years. Settle order on notice.